# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EUGENIA ROSS | CIVIL ACTION |
| VERSUS | NO. 10-287 |
| BOB DEAN ENTERPRISES, INC. d/b/a<br>MAISON DE VILLE OF HARVEY | SECTION: "G" (3) |

## ORDER AND REASONS

Before the Court is Maison De Ville Nursing Home of Harvey LLC's ("Defendant")[1] Motion to Dismiss,[2] wherein Defendant moves for dismissal of Plaintiff's False Claims Act ("FCA") claims for failure to timely serve the complaint and dismissal with prejudice of Plaintiff's FCA retaliation claim due to expiration of the one-year limitation period. Having considered the complaint, the motion, the memorandum in support, the response, the reply, and the sur-reply, the Court will grant in part and deny in part the motion to dismiss.

## I. Background

### *A. Factual Background*

Plaintiff, Eugenia Ross, is a licensed nurse employed by Maison De Ville from May 2004 to 2007 as the weekend house supervisor of the nursing home.[3] According to Plaintiff, about 110 of Defendant's patients received coverage through Medicaid or Medicare, and about 25 to 30 of the

---

[1] Incorrectly named as Bob Dean Enterprises, Inc. d/b/a Maison De Ville of Harvey. *See* Rec. Doc. 20 at 1.

[2] Rec. Doc. 20.

[3] Rec. Doc. 3 ¶ 2.

1

those patients required decubitis wound care.[4] After Katrina, Plaintiff began providing these patients with wound care on the weekend at Defendant's request.[5] Between approximately October of 2005 and May of 2006, Plaintiff allegedly uncovered a Medicaid and Medicare fraud whereby employees of Defendant would bill Medicaid and Medicare for wound treatments on wounds that did not exist or treatments that had not occurred.[6] In 2006 or 2007, Plaintiff reported the fraud to the Louisiana State Board of Nursing, but she asked the Board not to pursue the claim after Defendant fired Gary Davis, a major participant in the fraud.[7] However, Plaintiff again complained to the Board when supplies were allegedly locked up at work in order to harass Plaintiff. Shortly after Plaintiff's second complaint to the Board, Plaintiff was terminated in July of 2007.[8] According to Plaintiff, Defendant's stated reason for the termination was to permit full time nurses to work the weekends, although another weekend nurse was later hired.[9]

## B. Procedural Background

On February 2, 2010, Plaintiff filed the instant *qui tam* action, alleging the knowing fraudulent submission of Medicare and Medicaid claims for payment in violation of the FCA pursuant to 31 U.S.C. §§ 3729-3732.[10] Plaintiff also alleges that Maison de Ville terminated her

---

[4] *Id.*

[5] *Id.* ¶ 5.

[6] *Id.* ¶¶ 3-19.

[7] *Id.* ¶ 21.

[8] *Id.* ¶ 22.

[9] *Id.*

[10] *Id.* ¶¶ 1, 3.

2

employment in July of 2007, in violation of 31 U.S.C. § 3730(h) (hereinafter, "§ 3730(h)"), in retaliation for reporting the alleged fraud.[11] This matter was originally allotted to Judge Kurt D. Engelhardt in Section N. Judge Engelhardt granted the Government's motions to extend the seal of this matter three times on May 12, 2010, November 10, 2010, and May 10, 2011. This matter was then reassigned to this Section on October 6, 2011, as part of a newly created docket for Section "G." On November 3, 2011, the Government filed a Notice of Election to Decline Intervention,[12] and on November 10, 2011 the Court ordered that the complaint be unsealed and served on Defendant.[13] A call docket was set on May 23, 2012 and held on August 1, 2012, at which time the matter was passed for thirty days at the request of Plaintiff.[14] Summons was issued and Defendant was served with the complaint on August 24, 2012.[15]

On November 6, 2012, Defendant filed the instant Motion to Dismiss.[16] After receiving one extension of time from the Court, Plaintiff filed her opposition.[17] The Court permitted Defendant to reply on December 4, 2012,[18] followed by Plaintiff's sur-reply on December 11, 2012.[18]

---

[11] *Id.* ¶¶ 1, 22.

[12] Rec. Doc. 11.

[13] Rec. Doc. 12.

[14] Rec. Docs. 13, 14.

[15] Rec. Doc. 6.

[16] Rec. Doc. 20.

[17] Rec. Doc. 24.

[18] Rec. Doc. 27.

[18] Rec. Doc. 30.

## II. Parties' Arguments

### A. *Statute of Limitations on the FCA Retaliation Claim*

Defendant contends that Plaintiff's FCA retaliation claim should be dismissed with prejudice, because the claim accrued at the latest in July of 2007, when Plaintiff was terminated, and the one-year limitation period expired prior to commencement of this action on February 2, 2010. Defendant explains that "the most closely analogous state limitations period" applies to Plaintiff's retaliation claim under § 3730(h) of the FCA.[19] Defendant maintains that Louisiana law provides the applicable state limitations period.[20] According to Defendant, the one-year prescriptive period for delictual actions (personal injury actions) set forth in Louisiana Civil Code Article 3492 applies here.[21] Because Plaintiff's cause of action accrued when the retaliatory action occurred, namely when Plaintiff was fired in July of 2007, Defendant avers that the Plaintiff's FCA retaliation claim under § 3730(h) is time-barred.[22]

In response, Plaintiff recognizes that the "probable ruling of the Fifth Circuit would be that a one-year statue [sic] [of limitations] applies," and therefore "concedes" that the retaliation claim under § 3730(h) is time-barred.[23]

---

[19] Rec. Doc. 20-1 at p. 4 (citing *Graham Cnty. Soil & Water Conservation Dist. v. Wilson*, 545 U.S. 409, 412 (2005)).

[20] *Id.* at p. 4 n. 8.

[21] *Id.* at p. 5.

[22] *Id.* at p. 3.

[23] Rec. Doc. 24 at p. 1.

4

*A. Timely Service of the Complaint*

    *1. Defendant's Motion to Dismiss*

Defendant contends that Plaintiff's FCA claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5), because Plaintiff failed to serve the complaint within 120 days or demonstrate good cause for the delay, as required by Federal Rule of Civil Procedure 4(m), or request an extension of time. Defendant maintains that when service of process is challenged the burden is on Plaintiff to establish the validity of service by showing that the complaint was timely served or good cause for failure to effect timely service.[24]

According to Defendant, the fact that this is a *qui tam* action does not obviate the requirements of Rule 4(m), because the FCA contemplates that service will be in accordance with Rule 4(m).[25] Defendant notes that, in *Sealed Appellant v. Sealed Appellee*,[26] the Fifth Circuit has dismissed an FCA *qui tam* action pursuant to Rule 4(m), because the plaintiff did not timely serve the complaint once it had been unsealed or show good cause for the two year delay between filing suit and serving the complaint.

Defendant contends that Plaintiff did not serve Defendant until more than two years after the complaint was filed and has "advanced no other reason for her failure to effect service timely."[27] Therefore, Defendant avers that Plaintiff has not carried her burden to establish good cause for

---

[24] *See* Rec. Doc. 20-1 at p. 9 (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); Rec. Doc. 27 at p. 2 (citing *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993)).

[25] Rec. Doc. 27 at p. 2 (citing 31 U.S.C. § 3730(b)(3)).

[26] 452 F.3d 415, 417 (5th Cir. 2006).

[27] Rec. Doc. 27 at p. 3.

failure to serve the complaint within 120 days of filing suit.[28]

*2. Plaintiff's Opposition to the Motion to Dismiss*

Plaintiff opposes dismissal of the FCA claims because the complaint was "originally filed as a sealed 'ex rel' *qui tam* wrongful discharge matter," and pursuant to 31 U.S.C. § 3730(b)(2), the complaint "shall not be served on the defendant until the court so orders."[29] Plaintiff argues that the complaint was unsealed on November 11, 2011, and "[s]ervice was ordered in the following terms without the specification of a service date: 1. the Complaint be unsealed and served upon the defendant by the [plaintiff]." According to Plaintiff, there is no rule requiring service within 120 days of the unsealing of the complaint.[30] Plaintiff further states that the call docket was satisfied.[31]

### III. Law and Analysis

#### A. *Statute of Limitations on the FCA Retaliation Claim*

*1. Standard on a Motion to Dismiss Pursuant to FRCP 12(b)(6)*

The Federal Rules of Civil Procedure provide that an action may be dismissed "for failure to state a claim upon which relief can be granted."[32] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible

---

[28] *Id.*

[29] Rec. Doc. 24 at p. 1.

[30] Rec. Doc. 30 at p. 1.

[31] *Id.*

[32] Fed. R. Civ. P. 12(b)(6).

6

on its face.'"[33]  "Factual allegations must be enough to raise a right to relief above the speculative level,"[34] and a claim is facially plausible when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[35]  In considering a motion to dismiss for failure to state a claim, the court typically must limit itself to the contents of pleadings, including any attachments.[36]

### 2. Legal Analysis

The Court will only briefly state its reasoning for dismissing Plaintiff's retaliation claim under §3730(h), because Plaintiff has conceded that dismissal of the retaliation claim is appropriate. In *Graham County*, the United States Supreme Court held that the six-year limitations period applicable to FCA claims under 31 U.S.C. § 3731(b)(1) does not apply to § 3730(h) retaliation claims.[37]  Instead the most closely analogous state statute of limitations applies.[38]  The parties agree that Louisiana law applies to this case, and the most closely analogous statute of limitations in Louisiana law is the one-year prescriptive period for delictual actions in Louisiana Civil Code

---

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[34] *Twombly*, 550 U.S. at 556.

[35] *Id.* at 570.

[36] *See* Fed R. Civ. P. 12(b); *O'Quinn v. Manuel*, 773 F.2d 605, 608 (5th Cir. 1985); *Neville v. Am. Rep. Ins. Co.*, 912 F.2d 813, 814 n. 1 (5th Cir. 1990); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).

[37] 545 U.S. at 421.

[38] *Id.*

Article 3492.[39] In a retaliation claim, the claim accrues when the retaliation occurred.[40] Here, Plaintiff's claim accrued in June of 2007, and the limitation period expired in June of 2008, over a year before this lawsuit was filed in February of 2010. Therefore, Plaintiff's § 3730(h) retaliation claims must be dismissed with prejudice.

### C. Timely Service of the Complaint

#### 1. Standard on a Motion to Dismiss Pursuant to FRCP 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[41] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court...must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service.

The burden is clearly on the plaintiff to show good cause as to why service was not effected timely,[42] and the plaintiff must demonstrate "at least as much as would be required to show excusable

---

[39] It is notable that Louisiana's whistleblower statutes also have one-year prescriptive periods. *See* La. Rev. Stat. § 23:967 (general whistleblower law); La. Rev. Stat. § 30:3037 (environmental whistleblower law).

[40] *Id.* at 419.

[41] *Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981).

[42] *McGinnis*, 2 F.3d at 550

8

neglect."[43] Nonetheless, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause.[44]

However, if the claims being dismissed without prejudice for failure to comply with Rule 4(m) would be time-barred by limitations upon refiling, the dismissal should be treated as a dismissal with prejudice under Federal Rule of Civil Procedure 41(b). A dismissal with prejudice under Rule 41(b) requires a "clear record of delay or contumacious conduct by the plaintiff," and a finding that "lesser sanctions would not serve the best interest of justice."[45]

*2. Legal Analysis*

The FCA prohibits any person from making false or fraudulent claims for payments to the United States.[46] Plaintiff filed suit under 31 U.S.C. § 3730(b)(1), which allows private individuals to bring *qui tam* actions in the Government's name for violations of § 3729.

Plaintiff contends that because this *qui tam* action was originally sealed and the Court did not specify a time for service when the complaint was unsealed, Plaintiff was not required to serve the complaint on Defendant within any particular period of time. However, the procedural requirements of Rule 4 are equally applicable in the context of *qui tam* actions.[47] Indeed 31 U.S.C. § 3730(b)(3) contemplates the application of Rule 4(m): "[t]he defendant shall not be required to

---

[43] *Gartin v. Par Pharmaceutical Cos. Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

[44] *See* Fed. R. Civ. P. 4(m) (requiring that a court *must* extend the time for service if good cause is shown); *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008).
.

[45] *Sealed Appellant*, 452 F.3d at 417.

[46] 31 U.S.C. § 3729(a).

[47] *See Sealed Appellant*, 452 F.3d at 417.

9

respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure."

Plaintiff carries the burden to demonstrate the validity of service and good cause for failure to comply with Rule 4. To justify the nearly ten month delay in service after the complaint was unsealed, Plaintiff asserts that the Court did not originally order service within a specified time and the Plaintiff satisfied the call docket held on August 1, 2012. The statute under which Plaintiff brings this action clearly indicates that service must comply with Rule 4. Therefore, this Court is not persuaded by Plaintiff's argument the delay is justified because the Court's order unsealing the complaint did not specify service within a particular time.

Nevertheless, Rule 4 gives the Court the discretion to order that service be made within a specified time if the requirement of service within 120 days is not met, instead of dismissing the complaint without prejudice. When Plaintiff's failure to comply with Rule 4(m) came to this Court's attention, a call docket was held at which time the Court acted within its discretion to "order that service be made within a specified time."[48] The Court gave Plaintiff an additional thirty days to serve Defendant,[49] and Plaintiff effected service 23 days later.[50] Therefore, the Court will deny the motion to dismiss Plaintiffs' FCA claims on the basis of untimely service of the complaint.

---

[48] Fed. R. Civ. P. 4(m).

[49] *See* Rec. Doc. 14.

[50] *See* Rec. Doc. 15.

## IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss[51] is **GRANTED IN PART**, and Plaintiff's FCA retaliation claim under 31 U.S.C. § 3730(h) is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is **DENIED** as to Plaintiff's alleged failure to timely serve the complaint as to the remaining FCA claims under 31 U.S.C. § 3729.

**NEW ORLEANS, LOUISIANA**, this 30th day of January 2013.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[51] Rec. Doc. 20.